IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERVICIOS TECNOLOGICOS Y ADMINISTRATIVOS, S.A., Plaintiff | § § § § | |
| V. | § § | C.A. NO. _____ Admiralty Rule 9(h) |
| M/V KIRSTEN K, her engines, tackle, boilers, etc. | § § § § | |
| V. | § § | |
| IDA NIMMRICH & PRAHM, Defendants | § § § | |

## COMPLAINT

1.   Plaintiff, Servicios Tecnologicos y Administrativos, S.A., by its attorneys, Hill Rivkins LLP, complaining of the above-named Defendants, alleges upon information and belief:

**A.**

2.   This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

**B.**

3.   At and during all the times hereinafter mentioned, Plaintiff, Servicios Tecnologicos y Administrativos, S.A., had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4.   At and during all the times hereinafter mentioned, Defendant, Ida Nimmrich & Prahm ("Ida"), had and now has the legal status and office and place of business stated in

Schedule A. Ida was, and now is, engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

**D.**

5. On or about May 21, 2010, at the port of Houston, Texas, the above-named vessel and Defendants received, in good order and condition, the shipment described in Schedule A, which the vessel and Defendants accepted and agreed to transport for certain consideration on liner terms to the Port of Santo Tomas de Castilla, Guatemala.

**E.**

6. Thereafter, the vessel arrived at the Port of Santo Tomas de Castilla, Guatemala, where the cargo was physically damaged during discharge from the vessel resulting in a constructive total loss. Defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**

7. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that Defendants were bailees of Plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of Plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

8. Plaintiff was the consignee and owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**H.**

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

10. By reason of the above-stated premises, Plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of SEVEN HUNDRED THIRTY-SEVEN THOUSAND AND NO/100 DOLLARS ($737,000.00).

**J.**

11. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against Defendants;

2. That a judgment may be entered in favor of Plaintiff against Defendants, one or more of them, for the amount of Plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against the motor vessel, her engines, etc., and that all persons having or claiming any interest in the vessel be cited to

appear and answer under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

    4. That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*Robert Allen Moll*
ROBERT G. MOLL
Texas Bar No. 00784622
SDTX I.D. No. 15213
SARA M. BANKS
Texas Bar No. 24064861
SDTX I.D. No. 959003
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone:  (713) 222-1515
Telefax:  (713) 222-1359
E-mail:  rmoll@hillrivkins.com
E-mail:  sbanks@hillrivkins.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION

THE STATE OF TEXAS     *
                               *
COUNTY OF HARRIS     *

Robert G. Moll, being duly sworn, deposes and says:

I am an attorney with the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

                                                          _____
                                                          Robert G. Moll

Subscribed and sworn to before me, the undersigned authority, this 26th day of May 2011.

                                                          _____
                                                          Notary Public, State of Texas

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2012

5

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, Servicios Tecnologicos y Administrativos, S.A., was and now is a foreign corporation with its principal office and place of business in Guatemala City, Guatemala.

Defendant, **M/V Kirsten K,** was at all material times a general cargo vessel sailing under the flag of Antigua and Barbuda. The vessel was built in 2008, its call sign is V2DO4, and its gross tonnage is 3642 tons. The vessel's IMO number is 9373345.

Defendant, **Ida Nimmrich & Prahm,** was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a regular place of business in Texas or a designated agent for service of process, and thus may be served through F.R.C.P. 4(k)2 via the Texas Secretary of State under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 *et. seq.*, in care of its manager, Nimmrich & Prahm Bereederung GmbH & Co KG, at its home office address:

Hafenstrasse 6B
26789 Leer (Ostfriesland), Germany

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Kirsten K |
| Date of Shipment: | May 21, 2010 |
| Date of Discharge: | May 31, 2010 |
| Port of Shipment: | Houston, Texas |
| Port of Discharge: | Santo Tomas de Castilla, Guatemala |
| Shipper: | Island Exploration Services S.A. |
| Consignee: | Servicios Tecnologicos y Administrativos, S.A. |
| Description of Shipment: | 2006 Gefco Speedstar Rig |
| Nature of Loss or Damage: | Physical Damage |
| Amount: | $737,000.00 |